22-1988-bk
In Re: Naxos Cleaners, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of September, two thousand twenty-three.

PRESENT:
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> MARIA A. KAHN,
> *Circuit Judges.*

_____

In Re: Naxos Cleaners, Inc.,
> Debtor.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Naxos Cleaners, Inc.,

> *Debtor-Appellant*,

> v.                                                              22-1988

155 Calyer Street, Inc., Pokey Jomo, Inc., Ninth Street Associates,

*Appellees*.

_____

FOR DEBTOR-APPELLANT:                    WAYNE M. GREENWALD,
                                         New York, NY.

FOR APPELLEES:                           JOSHUA S. ANDROPHY,
                                         Morrison Tenenbaum,
                                         P.C., New York, NY.

Appeal from the August 10, 2022 judgment by the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge.*; Jil Mazer-Marino, *Bankruptcy Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment dismissing the present case is **AFFIRMED.**

Debtor-Appellant Naxos Cleaners, Inc., challenges the dismissal of its claims by the district court on mootness grounds. For the reasons explained below, we affirm.

On September 1, 2021, Pokey Jomo, Inc., and 155 Calyer Street, Inc., later joined by Ninth Street Associates (the "Appellees"), filed an involuntary

bankruptcy petition against Debtor-Appellant. Debtor-Appellant filed a motion to dismiss the petition on January 17, 2022, which the bankruptcy court denied on March 14, 2022.

On May 5, 2022, the bankruptcy court entered an order granting the involuntary petition. Debtor-Appellant then made an oral motion to voluntarily convert the case from a Chapter 7 proceeding to a Chapter 11 proceeding, which the bankruptcy court granted.

Debtor-Appellant filed an appeal with the district court contesting the bankruptcy court's decisions to grant the involuntary petition and to deny Debtor-Appellant's motion to dismiss the Chapter 7 proceeding. Appellees moved to dismiss the appeal on the grounds that, by electing to proceed under Chapter 11, the Debtor-Appellant had mooted its appeals from orders issued in its case under Chapter 7.

While the appeal before the district court was pending, Appellees moved to have the Chapter 11 proceeding converted back to a proceeding under Chapter 7, and for the immediate appointment of a Chapter 7 trustee. Although the Debtor-Appellant initially opposed that motion, it subsequently withdrew its opposition

to the conversion, and the bankruptcy court proceeded to appoint a trustee. At no point did the Debtor-Appellant seek a stay pending appeal of any order entered in the underlying bankruptcy case. As such, the case is ongoing, and the Chapter 7 trustee has been proceeding with the liquidation.

On August 9, 2022, the district court granted the Appellees' motion to dismiss Debtor-Appellant's appeal of the bankruptcy court's order granting the involuntary Chapter 7 petition and denying Debtor-Appellant's corresponding motion to dismiss. This appeal followed.

## I.  Debtor-Appellant's Appeal is Moot

This Court conducts a plenary review of orders of the district courts issued in their capacity as appellate courts in bankruptcy cases. *In re Anderson*, 884 F.3d 382, 387 (2d Cir. 2018). As mootness is a question of law, we review questions of mootness *de novo*. *See Fund for Animals v. Babbitt*, 89 F.3d 128, 132 (2d Cir. 1996).

"A case becomes moot 'when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *In re Speer*, 771 F. App'x 25, 27 (2d Cir. 2019) (summary order) (quoting *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016)). "In a bankruptcy case, mootness can also be based on

4

'jurisdictional and equitable considerations stemming from the impracticability of fashioning fair and effective judicial relief.'" *Id*. (quoting *AmeriCredit Fin. Servs., Inc. v. Tompkins*, 604 F.3d 753, 755 (2d Cir. 2010)). "The conversion of a petition from one chapter to another generally moots an appeal taken from an order in the original chapter, . . . because a voluntary conversion is an election of remedies that obviates the need for further litigation of issues based on the original bankruptcy petition[] . . . . Moreover, a conversion generally renders a plan under the prior chapter irrelevant and leaves courts unable to provide effective relief with respect to that plan." *Id.* (internal quotation marks and citations omitted).

This case is procedurally identical to another case heard before this Court, *In re Speer*, 771 F. App'x 25 (2d Cir. 2019) (summary order). As we noted in *Speer*, the original conversion of Debtor-Appellant's case from Chapter 7 to Chapter 11 mooted its appeal of the bankruptcy court's grant of the Appellees' original Chapter 7 petition. Similarly, here, the bankruptcy court granted Debtor-Appellant's motion to convert its case from Chapter 7 to Chapter 11. Accordingly, Debtor-Appellant's appeal of the bankruptcy court's grant of the Chapter 7 petition is moot.

Debtor-Appellant's claim that Section 349 of the Bankruptcy Code prevents mootness is unavailing. Section 349 outlines what happens once a bankruptcy case is dismissed but does not address mootness. *See* 11 U.S.C. § 349 (setting forth consequences of dismissal "unless the court, for cause, orders otherwise"). Reversal of the bankruptcy court's relevant orders—the order granting the involuntary petition and the order denying the corresponding motion to dismiss— would not afford Debtor-Appellant any effective relief. This is because any such reversals would not have changed the fact that, at the time the appeal was pending before the district court, the case had been converted to Chapter 11 by Debtor-Appellant's own motion and then converted back to Chapter 7 without objection. Section 349, therefore, does not apply and has no bearing on the mootness analysis.

We have reviewed the Debtor-Appellant's other arguments and find them to be either without merit or unavailing. For the foregoing reasons, the judgment of the district court dismissing the appeal as moot is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court